IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEPHNEY MORRISON** | § § § | |
| *Plaintiffs,* | § § | **4-23CV-813-P** |
| vs. | § § § | |
| **AMERICAN AIRLINES, INC.** | § § | **JURY DEMANDED** |
| *Defendants.* | § § | |

**TO THE HONORABLE COURT:**

Plaintiff, Stephney Morrison, presents her Complaint for unlawful discrimination in violation of Title I Civil Rights Act of 1991, 42 U.S.C. § 12112, 12203, 2000e-2 and 29 CFR 1607.11, ADA Amendment 2008, 10 U.S. Code § 932 - Art. 132. Retaliation, 42 **U.S.C.** § **12117**

### NATURE OF THE ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, ADA Amendment Act 2008 and Title I of the Civil Rights Act of 1991 ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff, Stephney Morrison, who was adversely affected by the unlawful employment practices. As alleged with greater particularity below, Defendant, American Airlines, Inc., engaged in a pattern or practice of violating the ADA by refusing to accommodate, Plaintiff, Stephney Morrison, with a work from home position, and/or reassignment. Plaintiff,

Stephney Morrison, has a physical or mental impairment that substantially limits

one or more major life activities per the qualification of ADA, American with disability guidelines:

    (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

    (B) a record of such an impairment; or

    (C) being regarded as having such an impairment

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) & § 2000e-6.

## PARTIES

3. Stephney Morrison is a citizen and resident of the United States, residing in Tarrant County, Texas.

4. American Airlines, Inc. is a domestic corporation and may be served with process by serving its registered agent, **Karen Gillen** at address, 4333 Amon Carter Blvd MD 5675, Fort Worth Texas 76155 and **Attorney Russell Cawyer of Kelly Hart & Hallman LLP**, 201 Main Street, STE 2500, Fort Worth Texas 76102.

5. Plaintiff, Stephney Morrison, brings this action against Defendant, American Airlines, Inc., by Section 107 (a) of the ADA, 42 U.S.C. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) & § 2000e-6.

6. At all relevant times, Defendant, American Airlines, Inc., is a Texas corporation, has continuously been doing business in the State of Texas, and has continuously had over 100,000 employees.

7. At all relevant times, Defendant, American Airlines, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h). 6. At all relevant times, Defendant, American Airlines, Inc., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2)

## GENERAL ALLEGATIONS

8. Stephney Morrison was hired by American Airlines, Inc., on September 17, 2007, as a HBR (home based representative) International Reservation Agent. Stephney Morrison worked as a part-time HBR agent until October 2015 when she requested and was granted to work at the office as an Office Based Representative. The job entailed booking, re-accommodating and confirming flight reservations;

issuing seat assignments; soliciting and providing ticketing options; providing required or requested information on calls; handing sales and reservations calls; providing passengers with information regarding mishandled lost, delay or damaged luggage and addressing other passenger service inquiries. Both HBR (home based representative) and OBR (Office based representative) are the same jobs with different locations. In October 2015, Stephney Morrison requested a transfer to the office because the benefits and compensation offered were more generous than working from home.

9. In May 2016, Stephney Morrison submitted a Reasonable Accommodation request to American Airlines, Inc. HR Manager, Ann Jacobs, to work from home due to an enormous remodeling overhaul that was getting started at her work site. Per her physician, this type of environmental exposure with all the dust from sheetrock, paint, and other hazardous chemicals floating in the air was hazardous to Stephney Morrison's health due to her Interstitial Lung Disease diagnosis, which is considered terminal and incurable. Per her health providers (Tyonn Barbera, NP and Lynn Berutti, MD) "Stephney Morrison must work from home." Stephney Morrison met with HR Manager Ann Jacobs on June 9, 2016 and was told that there was not an option to work from home. The HR Manager Ann Jacobs denied the request to work from home due to a CWA collective bargaining union. No other alternatives were discussed other than oxygen on the job, a designated cubicle (that was still in close proximity to other cubicles), and a handicapped parking spot that was never assigned because it was first come basis.

10. In June 2016, Stephney Morrison applied for a home based position in another department and building that would allow her to be home and safe.

Stephney spoke with HR Manager Ann Jacobs about the reassignment to this position and never heard back from Ann Jacobs.

11. Stephney Morrison sent a follow up request on July 11, 2016 to HR Manager, Ann Jacobs, in regards to the meeting on June 9, 2016. Ann Jacobs stated she was waiting for a response from legal counsel in regards to a request to work from home. No follow up was ever received from Ann Jacobs.

12. Stephney Morrison sent another follow up request to HR Manager, Ann Jacobs, on July 28, 2016 in regards to the initial meeting on June 9, 2016. Again, no response.

13. Stephney Morrison received a letter dated August 2, 2016 from HR Manager Ann Jacobs in reference to the meeting on June 9, 2016. Request to work from home denied again.

14. On August 8, 2016, Stephney Morrison got a letter from Tyonn Barbera NP-C, Pulmonary Specialty Clinic at UT Southwestern Medical Center, reiterating the urgency for Stephney Morrison to work from home due to her chronic lung condition. Tyonn Barbera stated that environmental exposure to strong smells, fumes, and dust will adversely affect her condition.

15. Stephney Morrison received a letter from HR Manager Ann Jacobs dated September 14, 2016, which stated that American Airlines Inc. would be unable to accommodate the work from home request.

16. Stephney Morrison applied for a Customer Service Representative HBR position in June 2016 and on September 6, 2016 she received an email response

from the American Airlines People Department regarding her application. The response offered that they had carefully reviewed Stephney Morrison's qualification for the position and regretted to inform her that she was not selected to interview for the position. It further stated that Stephney Morrison could apply for other positions, but had to compete with other employees. Stephney Morrison took the initiative to apply for a Customer Service Representative HBR position in the hopes of receiving an alternative reassignment accommodation, but was not given an interview and this option was never offered by HR Manager, Ann Jacobs.

17. Around October 2016, Stephney Morrison reached out to HR Manager, Ann Jacobs about potential reassignment to another position, but never received a response.

18. Stephney Morrison submitted another letter to American Airlines, Inc., HR Manager Ann Jacobs on December 12, 2016 from Tyonn Barbera NP-C, Pulmonary Specialty Clinic with UT Southwestern Medical Center, reiterating the urgency for Stephney Morrison to work from home. Tyonn Barbera stated that prolonged exposure to the building construction conditions was causing Stephney Morrison's lung condition to worsen and she should be allowed to work from home. Tyonn Barbera stated that continued exposure to this environment would be detrimental to Stephney Morrison's health given the severity of her underlying disease process. As a result of the previous denials, Stephney Morrison's disease has progressed; increased coughing, shortness of breath, lung deterioration, etc.

19. Stephney Morrison filed an EEOC complaint on December 30, 2016.

20. On August 23, 2017, Stephney Morrison submitted another Reasonable

Accommodation Request to work from home due to a significant reduction in Lung function due to Interstitial Lung Disease progression. This request was completed by Tyonne Barber NP-C and Dr Fernando Torress MD, Medical Director of Lung Transplantation at UT Southwestern. HR Manager, Ann Jacobs responded on September 11, 2017, stating the American Airlines Legal Department is reviewing Stephney Morrison's second request for accommodation.

21. On September 14, 2017, Stephney Morrison got sick on the job during a 12 hour mandatory shift. She was transported by ambulance to a local hospital while experiencing chest pain and lightheadedness, hospital staff suggested that this episode might have been stress on the job related.

22. Around October 2017, Stephney Morrison met with HR Manager, Ann Jacobs along with Union Steward Junita Brown to discuss Stephney Morrison working from home temporarily. The request was denied again.

23. Stephney Morrison filed a grievance with the CWA Union on October 23, 2017.

24. Stephney Morrison filed a second step grievance with the CWA Union on November 1, 2017. A meeting was set up for November 14, 2017. The meeting was facilitated by Scott Lally, Customer Experience Manager with American Airlines, Inc. At this meeting the union steward discussed moving Stephney Morrison to another building, separate office space, a temporary home based transfer, and workmans comp. Ultimately American Airlines denied the accommodation and the CWA Union elected not to pursue it.

25. In January 2019, Stephney Morrison took a medical leave of absence as

she was experiencing increased symptoms from the progression of the chronic lung

disease and suffering from depression and emotional distress. She stayed on a medical leave of absence for over a year.

26. On March 26, 2020, due to the pandemic, an email from Alice Curry, American Airlines manager, was sent out to all agents offering additional temporary Home-Based work opportunities.

27. On April 3, 2020, Stephney Morrison submitted a Return to Work with medical restrictions request to work from home due to Covid 19 as a high risk patient. Stephney Morrison spoke with Stephanie Williams, LOA office with American Airlines, Inc., about the return to work request. Per CDC guidelines, any individual with a compromising illness should be allowed to work from home. Stephanie Williams stated that Stephney Morrison needed to have her doctor fill out another form to remove the restriction to work from home. Stephanie Williams stated that the option to work from home was no longer available. Stephney Morrison was denied the request to work from home.

28. On April 14, 2020, Stephanie Williams left a voicemail in regards to Stephney Morrison's request to work from home. Stephanie Williams stated that American Airlines had extended the enrollment period for office based workers to temporarily work from home. She stated that "…I don't know…and that may be something that your doctor would be willing to release you to full duty, so that you can actually participate in that." Stephney Morrison took this to mean that Stephnie Williams and American Airlines inappropriately considered the need for an accommodation optional.

# FIRST CLAIM FOR RELIEF
## Pattern or Practice of Failing to Accommodate Employees
### (42 U.S.C. §§ 12112(a) and (b)(5)(A))

29. American Airlines requested a return to work that required Plaintiff to return to work without restrictions.

30. Plaintiff is disabled as defined in the ADA.

31. The Plaintiff was able, with or without reasonable accommodation, to perform the essential functions of her position at American Airlines or could have performed the essential functions of a position obtained through reassignment.

32. American Airlines failed and refused to provide the requested accommodation, including but not limited to reassignment to the Plaintiff

33. American Airlines failed and refused to engage in good faith discussions with the Plaintiff to determine appropriate and alternative accommodations without undue hardship..

34. American Airlines failed to provide the Plaintiff any reasonable accommodation, as required under Section 102(b)(5)(A) of the ADA. 42 U.S.C. § 12112(b)(5)(A).

35. American Airlines' failure to provide any reasonable accommodation was intentional.

36. American Airlines failure to provide Stephney Morrison any reasonable accommodation was malicious and/or done with reckless indifference to her federally protected rights.

37. American Airlines failed to offer reassignment to open vacancies that Stephney Morrison qualified for as an alternative accommodation but instead Stepney Morrison had to apply for the open positions with competitive employees.

38. The effect of the practices complained of in the foregoing paragraphs has

been to deprive the Plaintiff equal employment opportunities and otherwise adversely

affect her status as an employee, because of her disability.

39. American Airlines competitive transfer policy violated ADA. If a disability prevents an employee from returning to work in her current position and allows an employee to compete for a position falls short of the ADA requirement. American Airlines failed to note that when all other accommodations failed they should consider whether Stephney Morrison can fill the vacant position for which she is qualified for.

## SECOND CLAIM FOR RELIEF
### Pattern or Practice of Disparate Treatment
### (42 U.S.C. §§ 12112(a) and (b)(5)(B))

40. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

41. American Airlines practices precluding employees from transferring while on leave discriminates on the basis of disability.

42. American Airlines practices of not allowing promotions or transfers for employees with medical restrictions or out on medical leave discriminates on the basis of disability.

43. American Airlines intentionally forced Stephney Morrison to take numerous bouts of medical leave. American Airlines intentionally forced Stephney Morrison to quit and resign from the company she has been employed with for over ten years because they were not willing to accommodate her repeated requests to work from home or reassignment because of her disability, and/or because they regarded her as disabled, and/or because of the need to provide reasonable accommodation for her disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

44. American Airlines' negligent and heartless infractions resulted in a failure to accommodate Stephney Morrison during Covid 19. All other agents were given the opportunity to work from home, but Stephney Morrison was not because of her disability, and/or because American Airlines regarded her as opportunistically and optionally disabled, and/or because American Airlines failed to execute on the need to provide reasonable accommodation for her disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

45. American Airlines intentionally refused to allow her to transfer to another position without competition because of her disability, and/or because they regarded her as opportunistically and optionally disabled, and/or because of the need to provide reasonable accommodation for her disability while out on medical leave which is in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

46. American Airlines discriminatory treatment of Stephney Morrison was done with malice or reckless indifference to her federally protected rights.

47. The effect of the American Airlines' practices complained of in the foregoing paragraphs has been to deprive Stephney Morrison of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

48. The unlawful employment practices complained of in above were intentionally towards Stephney Morrison.

49. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Stephney Morrison.

Stephney Morrison respectfully asks that American Airlines be ordered to make her whole by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices. Stephney Morrison asks American Airlines for front pay in lieu thereof by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, physical suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial. In addition, Stephney Morrison asks the court to order American Airlines to pay punitive damages for its malicious and reckless conduct described in the paragraphs above, including attorney and court fees, in amounts to be determined at trial. Stephney Morrison asks that the court grants such further relief as the court deems necessary and proper.

Stephney Morrison
4701 Mill Wood Dr
Colleyville TX 76034
817-919-9560