UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEPHNEY MORRISON**

   Plaintiff,

v.                                     No. 4:23-cv-00813-P

**AMERICAN AIRLINES, INC,**

   Defendant.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending that the Court grant Defendant's Motion to Dismiss (ECF No. 13). ECF No. 16. After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 16) and **OVERRULES** Plaintiff's Objections (ECF No. 21).

## BACKGROUND

Plaintiff is a former Home Based Representative International Reservation Agent for American Airlines. In October of 2015, Plaintiff requested to transition to an in-office position to take advantage of the more generous benefits and compensation purportedly offered by American to its office-based employees. In May of 2016, less than a year after requesting to move in-office, Plaintiff sought a work-from-home accommodation. American was unable to provide such accommodation in light of the recently entered Joint Collective Bargaining Agreement (the "JCBA") with the IBTCWA Union, which dictated the terms and conditions of work for reservation and customer service employees like Plaintiff.

Instead, American offered Plaintiff several alternative accommodations, including accessible oxygen on the job, a designated cubicle, and a handicapped parking spot. Plaintiff did not accept these accommodations and instead continued to request the same work-from-home accommodation, despite her own acknowledgement that American

accommodating her in such way would violate the JCBA. Plaintiff further requested competition-free transfer and reassignment into home-based positions, which American similarly denied. Following American's denial of Plaintiff's requested accommodations, Plaintiff filed a grievance with the Union. The filing of the grievance resulted in no further action, and Plaintiff subsequently resigned from American.

On August 4, 2023, Plaintiff initiated the present lawsuit against American. On September 21, 2023, American moved to dismiss Plaintiff's Complaint. Plaintiff failed to respond, and Magistrate Judge Cureton filed his Recommendation on October 18, 2023, wherein he recommended Plaintiff's Complaint be dismissed. After obtaining a two-week extension, Plaintiff filed the present Response at issue on November 15, 2023, to which Defendant responded on November 29, 2023.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed de novo if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

Though Plaintiff did not file what would be categorically called an "objection" to the FCR, as her response did not even make mention of any objections or even the FCR itself, due to the brevity of the FCR and Plaintiff's pro se status, the Court will use its levity in construing Plaintiff's Response as one collective objection to the FCR's finding in dismissing her claims against the Defendant.

## ANALYSIS

### A. The Court lacks subject matter jurisdiction over Plaintiff's ADA claims.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power of the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Where the former is

2

absent, defendants may move to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof [is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

1. Morrison's claim is precluded by the RLA

Passed in order to assist in dispute-resolution goals, the Railway Labor Act ("RLA") establishes a mandatory arbitral mechanism for 'the prompt and orderly settlement' of two classes of disputes. *Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994); *see generally* 45 U.S.C. §§ 151 *et seq*. Under the Act's dispute dichotomy, "major disputes" are those concerning "rates of pay, rules or working decisions" and usually "relate to 'the formation of [CBAs] or efforts to secure them.'" *Id.* (quoting *Consol. Rail Corp. v. Ry. Lab. Exec. Ass'n*, 491 U.S. 299, 302 (1989)). "Minor disputes," on the other hand, "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." *Id.* (citing 45 U.S.C. § 151a); *see also Brotherhood of R.R. Trainmen v. Chicago River & In. R. R. Co.*, 353 U.S. 30, 33 (1957) (noting minor disputes involve "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation"); *Consol. Rail Corp.*, 491 U.S. at 302 ("Major disputes seek to create contractual rights, minor disputes to enforce them.").

Much hinges on the appropriate taxonomy assigned for Morrison's claim. Because minor disputes are "exclusively within the jurisdiction of RLA adjustment boards," the Court lacks jurisdiction if Morrison's claim is a "minor dispute." *See Carmona v. Southwest Airlines Co.*, 536 F.3d

3

344, 347 (5th Cir. 2008) (citation omitted); *see generally Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322 (1972) ("Thus, the notion that the grievance and arbitration procedures provided for minor disputes in the [RLA] are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law."). American argues that Morrison's ADA claim is a "minor dispute" under the RLA, which triggers claim preclusion and deprives this court of subject matter jurisdiction. ECF No. 24 at 9. The Court agrees.

To determine the RLA's preclusive effect vis-à-vis Morrison's claim, the Court must determine if an interpretation of the JCBA dispositive of Morrison's claim.

American believes Morrison's claim is a "minor dispute" under the RLA. *Id* at 5. Morrison disagrees, averring the U.S. Supreme Court has repeatedly held minor disputes do not involve rights that exist independently of the CBA, such as her ADA rights. *See* ECF No. 21 at 2. Fair enough, but that is not the relevant inquiry. American does not argue the JCBA preempts the ADA. Rather, American argues the RLA precludes Morrison's instant ADA claim because it arises from facts concerning specific JCBA provisions. ECF No. 24 at 7–9. Importantly, "[t]he distinguishing feature of a minor dispute is that the dispute may be conclusively resolved by interpreting the existing [CBA]." *Carmona*, 536 F.3d at 348 (cleaned up). And "to state a claim that can be 'conclusively resolved' by interpreting a CBA 'is another way of saying that the dispute does not involve rights that exist independent of the CBA.'" *Id.* (quoting *Norris*, 512 U.S. at 265). Such claims are inappropriately before a federal court because they would require the court to meddle in the interpretation of private contractual rights reserved *exclusively* for RLA adjustment boards. *See Norris*, 512 U.S. at 252.

Morrison's alleged right to a work-from-home designation does not "exist independent" of the JCBA. *See Carmona*, 536 F.3d at 348. The ADA doesn't mandate work-from-home designations; it mandates "reasonable accommodations." 42 U.S.C. § 12112(b)(5)(A). And whether something is a "reasonable accommodation" requires interpreting the JCBA's provisions. Absent extraordinary circumstances, it is

4

unreasonable to require companies to violate binding CBAs to accommodate disabled employees. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 404–06 (2002); *Smith v. United Parcel Serv.*, 50 F. Supp. 649, 653 (S.D. Tex. 1999). While Fifth Circuit case law is admittedly weak on this issue in the context of CBAs, it has long been recognized that companies are "not required to fundamentally alter [their] program[s]" to accommodate disabled employees. *Daughtery v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995). That proposition applies with equal force to violations of a CBA. Thus, the Court can't get to the merits of Morrison's claim—*i.e.*, the reasonableness of American's accommodations—without first interpreting various JCBA provisions requiring a seniority-based determination for modifying her position. And those provisions would prove dispositive for Morrison's claim. *See* ECF No. 13 at 6–8.

American rightly analogizes this case to *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654 (7th Cir. 2001). In that case, Mr. Brown worked as a trainman pursuant to a CBA. *Id.* at 655. When Brown sought a modified work schedule to accommodate his disability, the railroad denied his request because the CBA required the railroad to consider seniority when making such decisions. *See id.* at 655–56. The court found the RLA precluded Brown's ADA claim and affirmed his claim's dismissal for lack of subject-matter jurisdiction. *Id.* Mr. Morrison's claim is materially identical: Morrison worked for American pursuant to the JCBA, American denied his accommodation, and the JCBA requires American to consider seniority when making such positional determinations. *See* ECF No. 13 at 6–8.

Thus, American is correct in noting Morrison's challenge to American's actions is to the propriety of the bona fide seniority provisions themselves, and American's alleged discriminatory actions cannot be determined absent an interpretation of the JCBA's seniority provisions. *See* ECF No. 24 at 8.

The court's analysis in *Brown* was distinctly fact intensive. The railroad threw the kitchen sink at Mr. Brown, arguing his requested accommodation violated the CBA in myriad respects. *See Brown*, 254 F.3d at 660. The court rejected this approach, noting that "[w]hile we do

5

not accept all of [Defendant's] arguments, we agree that the resolution of Brown's ADA claim depends in one crucial respect upon interpretation of the CBA." *Id.* at 660–61. The same is true here. The JCBA requires American to first consider seniority when making an array of determinations. *See* ECF No. 13 at 6–8. While Morrison could have sought alternative accommodations that do not require work-from-home, any accommodation requiring such similar modifications to her position status must undoubtedly factor seniority into the equation. *Id.*

There's a collision between Morrison's rights under the ADA and American's obligations under the JCBA. Modifications to the physical work environment are commonly accepted ADA accommodations. *See* 42 U.S.C. § 12111(9)(B). But the JCBA prohibits modifications without considering seniority. *See* ECF No. 13 at 6–8. Because the Court cannot address one without the other—and because interpreting the JCBA would be dispositive of Morrison's claim—Morrison's claim is a "minor dispute" under the RLA. *Carmona*, 536 F.3d at 348.

Accordingly, the Court lacks subject-matter jurisdiction over this case unless textual considerations in the ADA indicate such a conclusion contravenes Congressional intent for the statute.

## CONCLUSION

After reviewing the FCR de novo, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 16) and **OVERRULES** Plaintiff's Objections (ECF No. 21). Defendant's Motion to Dismiss is thus **GRANTED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO ORDERED** on this **13th day of February 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

6